UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALI S. MORGANO,

        Petitioner,

v.

MICHELLE R. RICCI, et al.,

        Respondents.

Civil No. 08-1524 (PGS)

O R D E R

A Petition for Writ of Habeas Corpus having been filed in the above action, pursuant to 28 U.S.C. § 2254, and notice having been given pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000);

IT IS on this 18 day of June, 2008;

ORDERED that the Clerk of the Court shall serve copies of the petition, this order, and all other documents docketed in this matter upon Respondents by certified mail, return receipt requested, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall file a full and complete answer to said petition within 45 days of the entry of this Order, see Ukawabutu v. Morton, 997 F. Supp. 605 (D.N.J. 1998); and it is further

ORDERED that Respondents' answer shall respond to the factual and legal allegations of the petition by each paragraph

and subparagraph, see Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); and it is further

ORDERED that Respondents shall raise by way of the answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and timeliness, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; all non-jurisdictional affirmative defenses subject to waiver, such as timeliness, not raised in Respondent's answer or at the earliest practicable moment thereafter will be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5 in providing the relevant state court record of proceedings, in particular, the answer "must indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.  The respondent must attach to the answer such parts of the transcript that the respondent considers relevant.  The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.  If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence."

If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief, prosecution's brief on appeal, and opinions and dispositive orders of the appellate court, if any, shall also be filed by respondent with the answer. Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the petition as to whether the Petitioner has made a substantial showing of the denial of a constitutional right; and it is further

ORDERED that the Respondents shall file the original answer and one certified copy of the relevant state court record of proceedings, pursuant to Rule 5 of the Rules Governing Section 2254 Habeas Cases, with the Clerk's Office located in the vicinage of the assigned judge, and one courtesy copy of the answer and relevant state court record to the Clerk's Office located at 402 East State Street, Room 2020, Trenton, New Jersey 08608; and it is finally

ORDERED that Petitioner will have 30 days after receipt of the answer to file a traverse/reply.

                                              PETER G. SHERIDAN
                                              United States District Judge