**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALI S. MORGANO, | |
| Petitioner, | Civil No. 08-1524 (PGS) |
| v. | **O P I N I O N** |
| MICHELLE RICCI, et al., | |
| Respondents. | |

**APPEARANCES:**

Ali S. Morgano, Pro Se
New Jersey State Prison
# 218584
P.O. Box 862
Trenton, NJ 08625

Debra Grace Simms, Esq.
Essex County Prosecutor's Off.
50 West Market Street
Newark, NJ 07102
Attorney for Respondents

**SHERIDAN, District Judge**

On March 27, 2003, Petitioner, Ali Morgano, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and an application to proceed in forma pauperis. Petitioner's in forma pauperis application was granted by this Court under separate Order, dated May 20, 2008 (docket entry 2). Subsequently, the respondents filed an answer to the petition on August 26, 2008 (docket entry 17).

Petitioner has filed numerous motions that remain pending in this habeas matter:

1. Motion to Appoint Counsel, Obtain Discovery, and for an Evidentiary Hearing, filed on June 24, 2008 (docket entry 7);

2. Motion for Evidentiary Hearing, filed on June 24, 2008 (docket entry 9);
3. Motion for Ex Parte Order to Compel Discovery, filed on July 2, 2008 (docket entry 8);
4. Motion for Leave to File Reply Letter Brief, filed on September 10, 2008 (docket entry 21);
5. Motion for Court to Take Judicial Notice, filed on October 3, 2008 (docket entry 24); and
6. Motion to Produce, Motion for Leave to Proceed in forma pauperis, filed on December 4, 2008 (docket entry 29).

Respondents have filed opposition to certain motions, as noted within this Opinion. Having considered the motions pursuant to Fed. R. Civ. P. 78, the Court will deny the motions, except that Petitioner's motion for leave to file a reply letter brief (docket entry 21), will be granted.

## DISCUSSION

Petitioner's motions can be consolidated for purposes of review into the following categories: Motion for Counsel; Discovery Motions; Motions for Evidentiary Hearing; Motion for Leave to File Reply Letter Brief; and Motion for Judicial Notice.

A.  Motion for Counsel

In his motion to appoint counsel (docket entry 7), Petitioner seeks counsel because he is an inmate confined to the Close Custody Unit, which he alleges "prevents [him] from direct access to the prison law library to do adequate legal research." (Motion, ¶ 2). He also states that he does not "possess the full knowledge of the American federal court legal system to adequately represent himself," (Motion, ¶ 6), and has no funds to hire an attorney. (Motion, ¶¶ 7-9).

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992) ("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1] In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. See Biggins v. Snyder, Civ. No. 99-188, 2001 WL 125337, at * 3 (D. Del. Feb. 8, 2001)(citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted). Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

3

See Biggins, 2001 WL 125337, at *3 (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Biggins, 2001 WL 125337, at *3 (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, Civ. No. 91-3258, 1992 WL 184358, at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

In the instant case, the Court must first determine if petitioner states non-frivolous, meritorious claims. In his petition, Morgano makes numerous claims regarding his trial and post-conviction proceedings. (See Petition for a Writ of Habeas Corpus, docket entry 1, ¶ 12). From the face of the petition, these contentions do not appear to be frivolous, and may or may not have merit. Compare, e.g., Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed pursuant to 42 U.S.C. § 1983, a

4

"frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and the petitioner. The instant case seems to be fairly "straightforward and capable of resolution on the record." See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)). Morgano has shown his capability to proceed pro se by filing numerous applications to this Court, including briefs, letters, and motions. Also, because he is convicted, Morgano has access to the prison law library, even if limited and not "adequate," according to his standards, and a limited ability to investigate the law. See Jones v. Kearney, Civ. No. 99-834, 2000 WL 1876433, at *2 (D. Del. Dec. 15, 2000) (wherein the court reviewed a similar record and held "these actions show that [petitioner] is capable of prosecuting his case without the assistance of counsel").

Additionally, Petitioner's claims are not complex and are capable of resolution on the record. This Court's review of the Petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

5

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d). With regard to Petitioner's claims, the record provided by Respondents should provide the Court with the information needed to resolve this case. It does not appear that expert testimony will be required.

At this early point in the proceedings, the Court will deny Petitioner's motion to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.

B. <u>Discovery Motions</u>

In his Motion for an Ex Parte Order to Compel Discovery, filed on July 2, 2008 (docket entry 8), Petitioner seeks discovery concerning his criminal trial. He submits: "The plaintiff learned that the Essex County Prosecutor's Office had withheld a considerable quantity of discoveries materials from petitioner's defense then trial counsel that could have impeached the state key witness Ms. Cheryl Johnson trial testimony credibility." (Motion, ¶ 4). Petitioner then asks this Court for an "Order . . . from the Essex County Prosecutor's Office to produce the production of all discoveries listed in petitioner['s] Letter Brief that are in the Essex County Prosecutor's possession regarding the state key witness Cheryl Johnson[']s criminal investigatory files in support for Writ of

6

Habeas Corpus Relief federal constitutional claims." (Motion, ¶ 5). Petitioner states in his Letter Brief (docket entry 8-4) in support of his motion that the withheld documents concerning Ms. Johnson, the state's key witness, include: disposition recommendations by the prosecutor; plea agreement documents and notes; medical psychological evaluation records, reports and documents; psychiatric medical condition reports; and polygraph examiner oral/written reports, records, and notes. (Brief, pp. 7-8). Petitioner notes that he had requested these documents in a motion to the state trial court for newly discovered evidence, which was, it seems, denied. (Brief, p. 2). Petitioner argues that he is entitled to this information because one of Petitioner's habeas arguments is that the withholding of this discovery amounted to prosecutorial misconduct and a <u>Brady</u> violation.[2]

On December 4, 2008, Petitioner filed a motion for discovery (docket entry 29), advising the Court that he had been permitted to review Ms. Johnson's plea deal recommendations in a redacted format, and asks this Court to order that he be permitted to review the unredacted version in order to use it as evidence to support his habeas petition. (docket entry 29-3, ¶¶ 10-12).[3]

---

[2] See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[3] This Court further notes that although Petitioner's motion filed on June 24, 2008 (docket entry 7) is labeled, in part, as a motion for discovery, the contents of the motion

7

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).

Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts ("§ 2254 Rules") provides that, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Similarly, Rule 7(a) of the § 2254 Rules provides that, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 6(b) provides that, "A party requesting discovery must provide reasons for the request."

Under the "good cause" standard of the § 2254 Rules, a district court should grant leave to conduct discovery in habeas proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

In this case, the Answer and record provided by Respondents demonstrates that Petitioner presented his claims concerning Ms. Johnson and her plea arrangement to the state courts in a motion for a new trial based on newly discovered evidence. This motion

---

concern only Petitioner's request for counsel.

8

was denied by the state courts after careful consideration, based on state law and procedural rules. Further, the jury was aware of Ms. Johnson's pending charges at the time of trial and chose to find her credible regardless.

Petitioner has not demonstrated how evidence concerning Ms. Johnson's plea agreement (which came after trial), psychiatric and psychological issues (which may have been discoverable prior to trial), and other disclosures would have affected the outcome of the trial. Ms. Johnson's testimony was not the only evidence presented at trial. Petitioner also made two statements to the police implicating himself in the crime. Thus, Petitioner has not demonstrated good cause for the discovery request, as it is unclear that he will be entitled to relief on his habeas claims.

C. Motion for Evidentiary Hearing

On June 24, 2008, Petitioner filed a Motion for an Evidentiary Hearing and for Assignment of Counsel (docket entry 9).[4] In this motion, Petitioner again argues that the state's key witness, Cheryl Johnson, was given preferential treatment for testifying against him, and that the prosecutor did not disclose this information to him or to the jury. (Motion, p. 11).

---

[4] Although labeled as a motion for an evidentiary hearing and assignment of counsel, Petitioner's arguments within the motion concern the evidentiary aspects. To the extent that Petitioner requests counsel, he is referred to section A of this Opinion, and his request is denied.

9

Prior to enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1217 (Apr. 24, 1996), the Supreme Court held that "where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew." Townsend v. Sain, 372 U.S. 293, 312 (1963). Indeed, in certain circumstances, an evidentiary hearing was mandatory.

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.
>
> ...
>
> [A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Id. at 312-13. The Supreme Court later refined this standard with respect to the fifth circumstance enumerated in Townsend, requiring a prisoner to "show cause for his failure to develop the facts in the state-court proceedings and actual prejudice

10

resulting from that failure," but not otherwise curtailing the Townsend list. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 11 (1992). Keeney's threshold standard of diligence was codified by AEDPA in the opening clause of new 28 U.S.C. § 2254(e)(2). See Williams v. Taylor, 529 U.S. 420 (2000).

Title 28 Section 2254(e) curtails the circumstances under which a District Court may grant an evidentiary hearing.

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, <u>a determination of a factual issue made by a State court shall be presumed to be correct</u>. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) <u>If the applicant has failed to develop the factual basis of a claim in State court proceedings,</u>[5] the court <u>shall not</u> hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[5] "[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000).

11

28 U.S.C. § 2254(e)(emphasis added).

Thus, if a prisoner fails to develop the factual basis of a claim in state court proceedings, through some lack of diligence or greater fault attributable to the prisoner or the prisoner's counsel, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of § 2254(e)(2). See Williams, 529 U.S. at 429-37. Conversely, where the facts have not been developed in state court proceedings through no fault of the prisoner or the prisoner's counsel, the prisoner is "excused from showing compliance with the balance of the subsection's requirements." Id. at 437.

> However, even if a new evidentiary hearing is permitted under AEDPA--when it is solely the state's fault that the habeas factual record is incomplete--AEDPA, unlike Townsend and Keeney, does not require that such a hearing be held. Instead, federal courts have discretion to grant a hearing or not. In exercising that discretion, courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim.

Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000).

Here, it appears that Petitioner seeks an evidentiary hearing on the question of preferential treatment promised to a state witness, which he contends will support his habeas claim of prosecutorial misconduct. However, Petitioner has not met the requirements to support an evidentiary hearing under the standard set forth in § 2254(e)(2). He has not advanced a new rule of constitutional law; nor has he demonstrated a factual predicate

12

that could not have been previously discovered through due diligence. Alternatively, and additionally, Petitioner has not demonstrated that the facts underlying his claim (that Johnson could have been impeached had the evidence of her mental capacities been disclosed) would establish by clear and convincing evidence that a reasonable factfinder would not have found him guilty. Even if Petitioner had impeached Ms. Johnson's testimony, the evidence at trial, which was weighed by the jury, included more than just Ms. Johnson's testimony. The jury was able to assess the credibility of all witnesses and chose to believe the state's version of events. The evidence that Petitioner seeks regarding Ms. Johnson would not sufficiently establish that Petitioner could not have been found guilty by a reasonable factfinder.

Thus, Petitioner's motion for an evidentiary hearing must be denied, without prejudice to the Court or Petitioner revisiting the motion should further consideration of the petition and state court record reveal that a hearing is merited.

D. <u>Motion for Leave to File a Reply Brief</u>

This Court will grant Petitioner 30 days from the date of entry of the Order accompanying this Opinion to file a reply to Respondents' Answer. Therefore, this motion (docket entry 21) is granted, without further discussion.

E. <u>Motion for Judicial Notice</u>

13

In a motion filed on October 3, 2008 (docket entry 24), Petitioner asks this Court to take judicial notice of five facts concerning his criminal trial and Ms. Johnson, a state witness, and preferential treatment she allegedly received as a result of her testimony against Petitioner. Petitioner cites to numerous transcripts in support of his request. Respondents opposed this motion, in part.

This Court will consider all documents submitted as part of the record of this habeas case. This Court will not re-try Petitioner. If Petitioner is in possession of documents that are not currently part of the record, which he wishes this Court to consider in adjudicating his habeas petition, Petitioner shall submit the documents to the Clerk of the Court for filing and to this Court for consideration. Any such submission shall include the entire document in Petitioner's possession, not just portions that Petitioner deems relevant. Petitioner shall also serve any copies of such documents on Respondents' counsel, or shall advise Respondents' counsel that the documents have been filed on the docket, so that Respondents may access them.

Thus, Petitioner's request for this Court to take judicial notice of certain facts concerning his underlying criminal trial is hereby denied, without prejudice, to Petitioner submitting any portions of the record which he wishes this Court to consider in adjudicating his habeas claim.

14

## **CONCLUSION**

Based on the foregoing, Petitioner's motions are denied, except for Petitioner's motion for leave to file a letter brief in opposition to Respondents' Answer. An appropriate Order accompanies this Opinion.

                                                PETER G. SHERIDAN
                                                United States District Judge

Dated: 3/30/09