**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALI S. MORGANO, | : | |
| | : | Civil No. 08-1524 (PGS) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| MICHELLE RICCI, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Ali S. Morgano, Pro Se          Debra Grace Simms, Esq.
New Jersey State Prison         Essex County Prosecutor's Off.
# 218584                        50 West Market Street
P.O. Box 862                    Newark, NJ 07102
Trenton, NJ 08625               Attorney for Respondents

**SHERIDAN, District Judge**

Pending before this Court are two motions filed by Petitioner: a motion for leave to proceed in forma pauperis and for reconsideration (docket entry 46) filed on March 11, 2010, and an amended motion for reconsideration (docket entry 48), filed on April 7, 2010.

Respondents have not filed opposition to the motions. These motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motions will be denied, and the Clerk will be directed to close the file.

**BACKGROUND**

On March 27, 2008, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  He alleged seven grounds for relief, including: the post conviction relief court erroneously denied the defendant's Brady claims based on a misinterpretation of the facts; it was a miscarriage of justice for state prosecutor to appear at key witness Cheryl Johnson plea hearing and recommend a lenient plea bargain after vowing that witness was receiving no preferential treatment in return for her testimony against defendant; the State knowingly allowed key State witness, Ms. Cheryl Johnson, false testimony to go uncorrected in order to obtain the conviction denying defendant of the fundamental right to a fair trial; the post conviction court should have reversed the defendant's conviction based on the newly discovered evidence of State's key witness Ms. Cheryl Johnson's psychological medical reports; the post conviction relief court erroneously denied appellant's reconsideration application; the Appellate Division should have reversed defendant's reconsideration application; and the Appellate Court erred in granting respondent's motion for summary disposition of defendant's appeal.  (See Petition, ¶ 12).

Respondents filed an answer to the petition, Petitioner filed numerous motions, and on February 18, 2010, this Court denied the petition (docket entries 42, 43).  On March 3, 2010,

Petitioner filed an application to proceed in forma pauperis and for a 10-day extension to file a motion for reconsideration (docket entry 44). On March 11, 2010, Petitioner filed his motion, and on April 7, 2010, filed an amended motion. On June 24, 2010, this case was reopened to consider these motions (docket entry 50).

## PETITIONER'S MOTIONS

Petitioner's motion for leave to proceed in forma pauperis and for reconsideration, filed on March 11, 2010, argues first, that Petitioner remains indigent and asks this Court "to allow him to file this Reconsideration petition in forma pauperis as an indigent in this matter." (Docket entry 46-2, Affidavit, ¶ 7). Second, he argues in his Memorandum of Law that this Court relied on erroneous facts found by the PCR judge in denying habeas relief. Specifically, Petitioner focuses on the testimony of Cheryl Johnson, the State's witness and her "promised plea recommendation." He states that "Ms. Johnson did not receive her PLEA BARGAIN from Essex County Assistant Prosecutor John Redden until after the petitioner's trial was over." He argues that the jurors at his trial "never had the opportunity to assess Johnson's credibility in its entirety," that his conviction should be reversed, and he should be awarded a re-trial. (Docket entry 46-3, Memorandum of Law, p. 2). Petitioner contends that this constitutional rights were violated and it was fundamentally

3

unfair when the prosecutor appeared at Johnson's plea proceeding and recommended a lenient sentence, when the prosecutor told the jury in his case that no special leniency would be given to Johnson on her criminal matters.  (Memorandum, p. 3).

Petitioner further argues that this Court should reconsider that Johnson's medical condition (attention deficit disorder) should have been disclosed to Petitioner prior to or during trial.  (Memorandum, p. 4).

In his amended motion for reconsideration, filed on April 7, 2010 (docket entry 48), Petitioner argues again that the jurors at his trial had no knowledge of the State's undisclosed plea recommendation agreement.  He contends that the PCR court's May 31, 2007 supplemental opinion supersedes the former February 14, 2007 opinion, and that this Court relied on the February 14, 2007 Opinion.

## ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court for matters "which [it] believes the Judge . . . has overlooked" when it ruled on the motion.  See L.

Civ. R. 7.1(i); see also NL Indus., Inc. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J. 1996).[1]  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F. Supp.2d 610, 612; see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

    Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus,

---

[1] Local Civil Rule 7.1(i) was formerly Local Rule 12(1) and Local Rule 7.1(g).

reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  See Bowers, 130 F. Supp.2d at 613.  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. 826, 831 n.3 (D.N.J. 1992).  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Oct. 6, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612; see also NL Industries, Inc., 935 F. Supp. at 513 ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

Here, this Court has carefully reviewed Petitioner's motions for reconsideration, and finds that the arguments presented by Petitioner are nothing more than another attempt to re-litigate the very same facts and legal issues previously raised by Petitioner in his habeas petition.  These issues were thoroughly examined and considered by this Court in a lengthy Opinion that discussed each claim in turn.  For example, the claims regarding Johnson's plea agreements and medical condition were discussed and rejected in the Opinion (docket entry 42), at pp. 10-14. Additionally, this Court finds that Petitioner's claim that this Court relied on incorrect facts without merit to warrant reconsideration.  Petitioner's arguments remain the same, and were rejected as a matter of law.  This Court finds nothing wrong with its application or law or legal conclusions made in the February 2010 Opinion to warrant reconsideration.

Specifically, Petitioner does not point to any "new" or "overlooked" factual or legal issue that may alter the disposition of the matter, as required in a motion for reconsideration.  He simply disagrees with this Court's decision, and reiterates the same facts and legal arguments raised before in another effort to have this Court change its mind.

Therefore, this Court finds that Petitioner fails to present any new facts or evidence, or even "overlooked" facts or legal issues, to satisfy the threshold for granting reconsideration.

7

He simply repeats the very same facts and legal arguments that this Court already had determined to be meritless in denying habeas relief, and nothing Petitioner asserts would alter this Court's disposition on the issues raised in the petition.

Further, Petitioner has not presented the Court with changes in controlling law, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice in this instance.  Accordingly, Petitioner's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## CONCLUSION

Therefore, for the reasons expressed above, Petitioner's motions are denied for lack of merit.[2]  An appropriate Order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

September 27, 2010

---

[2] Petitioner's claim to proceed in forma pauperis on this motion is also dismissed, as Petitioner does not have to pay a filing fee to file this motion.